```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

NORMAN C. SONBERG, 08-B-0886,

        Petitioner,

        -v-                                          09-CV-987(MAT)
                                                        **ORDER**

HAROLD GRAHAM,

        Respondent.
_____

## I. Introduction

*Pro se* petitioner Norman Sonberg ("petitioner") seeks relief pursuant to 28 U.S.C. § 2254 alleging that his conviction in Niagara County Court of Sexual Abuse in the First Degree (N.Y. Penal Law ("Penal L.") § 130.65 [1]) was unconstitutionally obtained. The judgment of conviction, entered March 14, 2008, followed a guilty plea before Judge Sara S. Sperrazza. Petitioner was sentenced to a determinate term of imprisonment of five years, followed by three years of post-release supervision.

## II. Factual Background and Procedural History

Petitioner was charged in a fifteen-count indictment in Niagara County with various sex crimes against the underage child of a family with whom he had been staying. See Ind. No. 2007-142. On the eve of jury selection, the indictment was dismissed, and petitioner agreed to be prosecuted upon a Superior Court Information ("SCI"). Petitioner was arraigned on Niagara County SCI No. 2007-142A, which charged him with Sexual Abuse in the First

Degree (Penal L. § 130.65[1]), Rape in the First Degree (Penal L. § 130.35[1]), Rape in the Second Degree (Penal L. § 130.30[1]) and Endangering the Welfare of a Child (Penal L. § 260.10[1]). Thereafter, petitioner pleaded guilty to the top count in satisfaction of the charges. He executed a written waiver of his right to appeal and the county court committed to a five-year cap on his sentence with three years of post-release supervision. See Plea Mins. dated 1/16/2008.

Prior to sentencing, petitioner moved to withdraw his guilty plea, alleging that the day he took the plea he was improperly medicated and therefore was mentally incompetent to plead guilty. The court denied his motion and imposed the agreed-upon sentence of five years imprisonment with three years of post-release supervision. See Sentencing Mins. dated 3/14/2008.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, on the following grounds: (1) the waiver of the right to appeal was invalid; (2) the court erred in refusing petitioner's request to withdraw his plea; and (3) the plea was not knowingly, intelligently and voluntarily entered. See Pet'r Appellate Br., Docket No. KA 08-00861. The Appellate Division rejected petitioner's contention that the county court abused its discretion in denying his motion to withdraw his plea because it was not knowingly, intelligently and voluntarily entered:

> Although the record establishes that defendant was being treated for medical conditions with

> prescription medications, "[t]here was not the slightest indication that defendant was uninformed, confused or incompetent" when he entered the plea. Indeed, when the court asked defendant whether the medication he was taking affected his ability to think clearly, defendant responded in the negative. The court also asked defendant whether he had sufficient time to discuss the matter with his attorney and whether he was in good physical and mental condition, and defendant responded in the affirmative. Even if we were to credit the contention of defendant that he had taken the wrong medication on the day he entered his plea, we nevertheless would conclude on the record before us that he was not thereby "so stripped . . . of orientation or cognition that he lacked the capacity to plead guilty."

People v. Sonberg, 61 A.D.3d 1350, 1351 (4th Dept. 2009) (quoting People v. Alexander, 97 N.Y.2d 482, 486 (2002); other citations omitted).

Petitioner sought leave to appeal the Appellate Division's decision, which was denied by the New York Court of Appeals. People v. Sonberg, 13 N.Y.3d 800 (2009).

This habeas petition followed (Dkt. #1), in which petitioner alleges, in sum and substance, that his plea was not knowing, intelligent and voluntary because he was mentally incompetent at the plea proceeding. (Dkt. #1, ¶ 12).[1]

---

[1] In support of the petition, petitioner has submitted volumes of rambling, discursive writings, medical records, and random pieces of correspondence between himself and various government offices. From what the Court can discern, petitioner alleges one intelligible ground for relief in the petition. While he refers to a "conflict of interest" and a "breach of confidence" with regard to his trial counsel in the item labeled "Ground Four" of the petition, those claims are largely unexplained, belied by the record, and appear to be unexhausted despite petitioner's numerous references to an application for writ of *error coram nobis* in the Appellate Division. There is no evidence anywhere in petitioner's submissions or the state court records

For the reasons that follow, the Court finds that petitioner is not entitled to the writ, and the petition is dismissed.

**III. Discussion**

    **A.    Standard of Review for Federal Habeas Petitions**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as

---

that an application for writ of *error coram nobis* was filed. In any event, the *coram nobis* proceeding is inappropriate for the claims petitioner purports to have raised. See Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001) (the writ of error coram nobis lies for the purpose of seeking to vacate an order determining an appeal on the ground that the defendant was deprived of the effective assistance of appellate counsel); see also Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981) ("[A] petitioner cannot show exhaustion unless he has fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts.") (internal citations omitted)).

4

determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not dicta) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also

Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### B.   Merits of the Petition

#### 1.   Voluntariness of Guilty Plea

In his petition for habeas corpus, petitioner challenges the knowing, intelligent and voluntary nature of his guilty plea entered in Niagara County Court on January 16, 2008. (Dkt. #1, ¶ 12).

It is well-settled that "[a] criminal defendant may not be tried unless he is competent, and he may not . . . plead guilty unless he does so 'competently and intelligently.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 468 (1938) and citing Pate v. Robinson, 383 U.S. 375, 378 (1966)). "For the plea to be voluntary, '[i]t is axiomatic' that the defendant must at least be competent to proceed." Oyague v. Artuz, 393 F.3d 99, 106 (2d Cir. 2004) (quoting United States v. Masthers, 539 F.2d 721, 725 (D.C. Cir. 1976)). The federal standard for determining competency to stand trial or plead guilty is

whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. at 396-397 (quoting Dusky v. United States, 362 U.S. 402 (1960) (*per curiam*)). "When a guilty plea is entered, the defendant waives several federal constitutional rights, including the right to trial by jury, the right to confront his accusers, and the privilege against compulsory self-incrimination." Oyague v. Artuz, 393 F.3d at 106 (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)). Thus, a guilty plea is valid only if the record demonstrates that it is voluntary and intelligent. Boykin v. Alabama, 395 U.S. at 242-43.

"[A]lthough 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law,' questions of historical fact, including inferences properly drawn from such facts, are in this context entitled to the presumption of correctness accorded state court factual findings.'" Parke v. Raley, 506 U.S. 20, 35 (1992) (quoting Marshall v. Lonberger, 459 U.S. 422, 431 (1983) (internal citation omitted)). Statements made by a defendant at a plea hearing constitute a "formidable barrier" that cannot be easily overcome in subsequent collateral proceedings because "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is

subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

The plea colloquy, summarized herein, demonstrates that petitioner clearly understood the consequences of his guilty plea, including the rights that he was relinquishing.

At the plea proceeding, petitioner informed the court that he was fifty-one years-old, completed approximately one-and-a-half years of college, and was able to read, write, and understand the English language. He confirmed that he understood the nature of the case against him and the nature of the specific charge he would be pleading guilty to. When the court inquired whether the petitioner was under a physician's care, petitioner acknowledged that he was, but stated that his medications for his liver and heart did not "bother him" or affect his ability to "think clear-headed". He affirmed that he was in good mental and physical condition, aside from his aforementioned ailments. Finally, he told the court that he was not under the influence of alcohol or illegal drugs, and had sufficient time to discuss his case with his attorney. Plea Mins. 7-10.

At that point, the court inquired whether petitioner was satisfied with his representation, to which petitioner responded in the affirmative. The court then explained to petitioner rights he would be relinquishing, including the right to a jury trial, to

confront and cross-examine witnesses, to remain silent, and to offer testimony or evidence on his own behalf. The court also stated that the prosecution had the burden of proof beyond a reasonable doubt. Petitioner responded that he understood the waiver of those rights. Plea Mins. 10-11. Finally, petitioner told the court that he was not forced, threatened, or coerced into pleading guilty, that his plea was made voluntarily and of his own free will, and that the plea was conditioned upon his voluntary waiver of the right to appeal. Id. at 11-12. After discussing the sentencing commitment, the court asked petitioner whether he was prepared to move forward with the plea, and petitioner stated that he was. Id. at 13. Petitioner then admitted that in June, 2006, he subjected the victim to sexual contact by forcible compulsion, and entered a plea of guilty. Id. at 13-14. The court confirmed again that petitioner's answers were truthful and voluntary prior to accepting the plea. Id. at 14.

The Court agrees with respondent that petitioner's in-court, under-oath statements as summarized above undermine his contention that he was too disoriented to understand what occurred at the plea hearing. In sum, the record does not support petitioner's belated and unsubstantiated assertions that his plea was not voluntary, knowing and intelligent because he was mentally incapable of comprehending the plea proceeding. Furthermore, they are contrary to petitioner's express, sworn representations during the plea

colloquy. Moreover, petitioner's attorney, "'who was in the best position to assess defendant's capacity,' did not raise the issue of defendant's fitness to proceed or request an examination pursuant to [N.Y.Crim. Proc. Law] § 730.30(2)." People v. Carbonel, 296 A.D.2d 858, 858 (4th Dept. 2002) (quoting People v. Gelikkaya, 84 N.Y.2d 456, 459 (1994)).

The record amply supports the conclusion that, at the time he entered his guilty plea, petitioner "a rational as well as factual understanding of the proceedings against him," Godinez, 509 U.S. at 396. Petitioner has thus failed to establish that the Appellate Division's determination that petitioner's guilty plea was knowingly and voluntarily entered was not contrary to or an unreasonable application of Supreme Court precedent, and habeas relief is denied on this claim.

### 2. Motion for Release

Petitioner has also filed a motion for release on "probation" pending the disposition of the habeas petition (Dkt. #34). In light of the Court's determination to dismiss the petition, his request is denied.

### IV. Conclusion

For the reasons stated above, Norman Sonberg's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1) is denied, and the action is dismissed. Petitioner has failed to make a "substantial showing of a denial of a constitutional right",

28 U.S.C. § 2253 (c)(2), the court declines the issue of certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

    Further, petitioner's motion for release pending disposition of the habeas petition (Dkt. #34) is denied.

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   June 14, 2011
        Rochester, New York